NO. 07-11-00408-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 2, 2011

---

ROBERT SMALL, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 272ND DISTRICT COURT OF BRAZOS COUNTY;

NO. 10-01875-CRF-272; HONORABLE TRAVIS B. BRYAN III, JUDGE

---

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant, Robert Small, Jr., appeals from a judgment convicting him of obstruction or retaliation, and sentence of three years' incarceration in the Institutional Division of the Texas Department of Criminal Justice.  Our review of the clerk's record indicates that there is either no certification of defendant's right of appeal or that the certification is defective.  Therefore, we now abate and remand this appeal.

Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court shall enter a certification of defendant's right of appeal each time it enters a judgment of guilt or other appealable order.  TEX. R. APP. P. 25.2(a)(2); Hargesheimer v. State, 182

S.W.3d 906, 911 (Tex.Crim.App. 2006). An appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under the applicable rules. TEX. R. APP. P. 25.2(d). An appellate court that has an appellate record that includes a certification is obligated to review the record to ascertain whether the certification is defective. Dears v. State, 154 S.W.3d 610, 615 (Tex.Crim.App. 2005).

It appears that, on October 25, 2010, appellant entered into a plea agreement to plead guilty to the indicted offense and true to an enhancement paragraph contained within the indictment in exchange for a recommendation from the district attorney of a three year sentence of incarceration.[1] On the basis of this plea agreement, the trial court entered a certification that this case was a plea bargain case and defendant does not have a right of appeal, and that defendant waived his right of appeal.[2] This certification is in the proper form and is signed by the trial court, defendant, and defendant's counsel.

However, in April of 2011, appellant and appointed counsel requested that appointed counsel be allowed to withdraw from further representation of appellant. By order dated April 29, 2011, the trial court granted these requests and permitted counsel

---

[1] The Plea Agreement was signed by appellant, appellant's trial counsel, and the assistant district attorney on October 25, 2010. This document was signed by the presiding judge on July 29, 2011.

[2] The inference that this certification is based exclusively on appellant's plea agreement is premised on the fact that this certification is dated October 25, 2010. However, the judgment indicates that sentence was not imposed until July 29, 2011. Therefore, it is clear that the October 25, 2010 Certification of Defendant's Right of Appeal was not entered at the time that judgment of guilt was entered. See TEX. R. APP. P. 25.2(a)(2); Hargesheimer, 182 S.W.3d at 911.

2

to withdraw. On that same date, the trial court appointed Mark R. Maltsberger to represent appellant. On July 20, Maltsberger filed a motion to withdraw appellant's plea of guilty. The trial court denied appellant's motion to withdraw his plea of guilty by order dated July 29. Also on July 29, the trial court entered judgment of conviction against appellant on the basis of his plea agreement finding him guilty of obstruction or retaliation, finding the enhancement paragraph true, and sentencing appellant to three years incarceration in the Institutional Division of the Texas Department of Criminal Justice. The clerk's record does not contain a certification of defendant's right of appeal entered at the time the judgment of guilt was entered in this case.

The clerk's record does include a subsequent certification that indicates that this case is a plea bargain case, but that issues were raised by written motion that were filed and ruled on before trial that were not withdrawn or waived. However, this certification is not signed by the trial court or appellant. The clerk's record appears to confirm that appellant did raise the issue of the voluntariness of his plea by written motion that was filed and denied before trial, and that this issue was not withdrawn or waived. As such, it would appear that appellant has a right to appeal this issue. Consequently, the record reflects that, while this was a plea bargain case, appellant has a limited right to appeal the issue of the voluntariness of his plea of guilty based on his written motion filed before trial and not withdrawn or waived. As such, it appears that the trial court's subsequent certification of defendant's right of appeal is defective. See Dears, 154 S.W.3d at 614.

As such, we now abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure a certification of defendant's right of appeal that complies with Rule 25.2(d). Once properly executed, the certification shall be included in a supplemental clerk's record and filed with the Clerk of this Court on or before January 3, 2012.

This order constitutes notice to all parties of the defective certification pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure. See TEX. R. APP. P. 37.1. If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this matter will be referred to the Court for dismissal. See TEX. R. APP. P. 25.2(d).

Per Curiam

Do not publish.